UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

J.A.,

        Petitioner,

    v.

CHRISTOPHER IVERS, *in his official capacity as Jail Administrator, Allegany County Jail*, et al., [1]

        Respondents.

_____

**ORDER**

6:26-CV-06330-EAW

Petitioner J.A. ("Petitioner") is a civil immigration detainee alleging that she is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). She seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held in ICE custody at the Allegany County Jail in Belmont, New York. (*Id.* at ¶ 11). Petitioner also filed a motion to proceed under a pseudonym. (Dkt. 2). As set forth below, Petitioner's motion to proceed under a pseudonym is granted and the petition is granted to the extent Petitioner seeks a bond hearing.

---

[1]    Philip Rhoney is the Acting Field Office Director of the Buffalo Field Office of the United States Immigration and Customs Enforcement and thus is substituted as Respondent in place of Tammy Marich pursuant to Federal Rule of Civil Procedure 25(d). In addition, Markwayne Mullin is the current Secretary of the U.S. Department of Homeland Security and is substituted for Kristi Noem. The Clerk of Court is directed to update the docket to reflect these substitutions.

## I.    Motion to Proceed by Pseudonym

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Permitting a party to be relieved from this requirement is an exception, and the party seeking that relief must adequately refute the presumption in favor of disclosure. *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (holding that Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly"); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) ("The question for the district court is whether the plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" (quoting *Sealed Plaintiff*, 537 F.3d at 189)).

The Second Circuit has established a "non-exhaustive standard" that "balances 'the interests of both the public and the opposing party,'" to assess whether a party should be permitted to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far

been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *1-2 (E.D.N.Y. Oct. 14, 2020) (quoting *Sealed Plaintiff,* 537 F.3d at 189-90). "This inquiry 'does not require a district court to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Zheng*, No. 25-CV-03215 (NRM)(JRC), 2025 WL 2855375, at *2 (E.D.N.Y. Oct. 8, 2025) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021) (internal quotations omitted)).

The Court finds that the first factor, whether the litigation involves matters that are highly sensitive and of a personal nature, favors granting Petitioner's motion. Petitioner contends that she filed a petition for protection pursuant to the Violence Against Women Act ("VAWA") against her spouse, who is a U.S. citizen and faces criminal domestic abuse charges, and reasonably fears that disclosure of her identity in connection with this case would present a danger to herself and her children. (Dkt. 2-1 at ¶ 4). At this stage of the proceedings, the Court concludes this factor supports the requested relief.

The second and third factors evaluate the risks that identification present and the likelihood of physical and mental harms if disclosure is required. Petitioner has credibly asserted a basis to conclude that there is a risk of physical harm to her and her children if her identity is disclosed. The Court concludes that these factors favor granting Petitioner's motion.

The fourth factor, age and vulnerability of the parties, weighs in favor of permitting Petitioner to proceed anonymously due to Plaintiff's VAWA petition and spousal abuse allegations. This factor accordingly weighs against disclosure.

The fifth factor, whether the suit is challenging the government or private parties, also weighs against disclosure. Petitioner is challenging the actions of the government rather than a private party, the government is aware of Petitioner's identity, and Respondents have not taken any position on the motion. *K.U.*, 2025 WL 1473974, at *3 ("Courts are more likely to allow a party to proceed under a pseudonym when the adverse party is a government entity because '[s]uits against the government 'involve no injury to the [g]overnment's reputation.'" (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019))).

The sixth factor, whether either party is prejudiced by allowing Plaintiff to press claims anonymously and whether the nature of that prejudice differs at any particular stage of the litigation, is neutral at this time.

The seventh factor, whether Petitioner's identity has been kept confidential until now, weighs in favor of granting the motion. Petitioner's identity was not publicly disclosed with the filing of the petition. This factor accordingly weighs in Petitioner's favor.

The eighth factor, whether the public's interest in the litigation is furthered by requiring Petitioner to disclose her identity, is weak where the primary matter before the Court is the constitutional question of whether Petitioner is entitled to a bond hearing. *K.U.*, 2025 WL 1473974, at *4 ("Finally, the public interest in knowing the details of K.U.'s

identity is weak here, where the immediate dispute before this Court turns on the constitutional question of whether a detainee in his circumstances is entitled to a bond hearing."). The ninth factor also weighs against disclosure because the issues here are largely legal in nature. These factors support confidentiality.

Finally, whether there are alternative mechanisms for protecting Petitioner's identity, the Court finds that this factor is neutral at this stage of the proceedings as it presently appears to be the least restrictive appropriate remedy available to allow the litigation to proceed while offering Petitioner protection.

Taking all of this into consideration, the Court concludes that permitting Petitioner to proceed anonymously at this time is appropriate. But should issues arise during these proceedings that would warrant the Court's revisiting that decision, the matter may be revisited and the parties are free to raise it again for the Court's consideration. *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1053 (N.D. Cal. 2020) ("The Court granted plaintiff's motion to proceed under a pseudonym when this case was in its infancy, before defendant's counsel had appeared let alone responded to the complaint. Now that defendant's counsel has appeared and the parties have engaged in motion practice that provides additional insight into the case, the circumstances have changed materially. This is sufficient to warrant consideration of the motion to compel compliance with Rule 10(a) on the merits."). Accordingly, Petitioner's motion to proceed via a pseudonym is granted.

## II.    Bond Hearing

The Court has issued written decisions in *Quituizaca Quituisaca v. Bondi,* No. 6:25-CV-6527-EAW, 2025 WL 3264440 (W.D.N.Y. Nov. 24, 2025), and *Lieogo v. Freden,* No.

- 5 -

6:25-CV-06615 EAW, 2025 WL 3290694 (W.D.N.Y. Nov. 26, 2025), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. Furthermore, the Court has issued written decisions in *Ivonin v. Rhoney*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y. Jan. 26, 2026), and *Ab-Rahim v. Marich*, No. 6:26-CV-06005-EAW, 2026 WL 279113 (W.D.N.Y. Feb. 3, 2026), finding that where a petitioner is paroled into the country and that parole expires, and the subsequent re-arrest is *not* a continuation of the initial border encounter, but an independent decision to detain the individual after the expiration of his parole, the detention pursuant to that re-arrest arises under § 1226. Respondents acknowledge that this Court's prior rulings in the identified cases concern the same or similar challenges to the government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing. (Dkt. 4).

Accordingly, for the same reasons the Court has previously articulated in the aforementioned decisions, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1.      Petitioner shall be granted a bond hearing before an immigration judge ("IJ") on or before April 7, 2026. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.      After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to

demonstrate dangerousness or flight risk by clear and convincing evidence. *See Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *4-6 (W.D.N.Y. Nov. 26, 2025). In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3.    If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4.    Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.    Respondents are directed to file a status update with the Court on or before April 9, 2026.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    March 31, 2026
          Rochester, New York